**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN SEBASTIAN QUICK,<br><br>        Plaintiff,<br><br>     v.<br><br>UNIVERSITY OF MISSOURI —<br>COLUMBIA and ROBERT J. TRULASKE,<br>SR. COLLEGE OF BUSINESS,<br><br>        Defendants. | Civil Action No. 21-19282 (GC) (TJB)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, U.S.D.J.**

    **THIS MATTER** comes before the Court upon Plaintiff's August 2, 2023 letter motion that asks the Court to reconsider its July 20, 2023 Order & Judgment and the accompanying Memorandum Opinion (ECF Nos. 41 & 42), which adopted the Magistrate Judge's Report and Recommendation and dismissed this case with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41(b) due to Plaintiff's failure to obey court orders and to prosecute the case. (ECF No. 44.)

    While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are permitted by this District's Local Civil Rule 7.1(i) if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003)).

In that regard, the United States Court of Appeals for the Third Circuit has held that the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); *see also Solid Rock Baptist Church v. Murphy*, 555 F. Supp. 3d 53, 59 (D.N.J. 2021) ("Reconsideration is to be granted only sparingly."). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone*, 664 F.3d at 415 (citing *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).

Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

"'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.'" *Blystone*, 664 F.3d at 415-16 (quoting *Howard Hess*, 602 F.3d at 252). "Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." *Id.* at 416 (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

Here, Plaintiff's letter motion fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its Order & Judgment, or an error of fact or law that, if left uncorrected, would result in manifest injustice. Instead, Plaintiff's letter is at times incoherent and addresses topics that bear no relevance to the present case, and at other

times is inappropriate. (*See generally* ECF No. 44.) Ultimately, construing what has been submitted in the most generous light, the Court finds that it does not provide a basis for the Court to reconsider its prior ruling that determined, under the factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), that the case should be dismissed with prejudice.

Attached to Plaintiff's letter seeking reconsideration are more than 600 pages of exhibits, many of which appear to be academic articles related to economics, capitalism, genetics, dissociative identity disorder, and neuroscience. (*See* ECF Nos. 44-1 to 44-48.) To the extent Plaintiff is submitting some of these articles because they may relate to his own mental health, the Court noted in its Memorandum Opinion that Plaintiff had been expressly informed that if he sought a stay of the case to obtain a psychiatric diagnosis, he could submit any relevant medical records or a doctor's letter directly to the Court. (ECF No. 41 at 11.) Nothing from a medical professional was received despite the passage of nine months, and the Court determined that there was no basis for further delay at that point. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) ("While Emerson appears to argue that the District Court did not consider his medical problems, the record reflects the contrary. . . . [T]he District Court afforded Emerson the opportunity to submit documentation supporting that he was unable to proceed for medical reasons. Emerson failed to do so.").

For these reasons, and other good cause shown,

**IT IS** on this 8th day of August, 2023, **ORDERED** as follows:

1.      Plaintiff's letter motion seeking reconsideration of the Court's July 20, 2023 Order & Judgment and the accompanying Memorandum Opinion that adopted the Magistrate Judge's Report and Recommendation and dismissed the case with prejudice is **DENIED**.

2.      The Clerk is directed to **TERMINATE** the motion pending at ECF No. 44, and the case should remain **CLOSED**.

3.      The Clerk is directed to mail a copy of this Memorandum & Order to Plaintiff via regular United States mail.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE